IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| MARISOL MEJIA,<br><br>    Plaintiff,<br><br>vs.<br><br>RICHARD CHI and the UNIVERSITY OF UTAH,<br><br>    Defendants. | MEMORANDUM DECISION AND ORDER GRANTING IN PART DEFENDANT UNIVERSITY OF UTAH'S PARTIAL MOTION TO DISMISS AND GRANTING DEFENDANT CHI'S MOTION TO DISMISS<br><br><br>Case No. 1:05-CV-53 TS |

Plaintiff originally filed this suit against her former employer, the University of Utah, and Richard Chi, an employee of the University, in the District of Florida. The case was then transferred to this Court on May 3, 2005.[1] On August 22, 2005, Plaintiff filed a Motion for Service of Process,[2] which the Court granted on October 25, 2005.[3] Defendants have been served in this matter and have now filed the Motions to Dismiss currently before the Court. The

---

[1] Docket No. 3.

[2] Docket No. 5.

[3] Docket No. 7.

1

Court construes Plaintiff's Complaint as alleging violations of Title VII,[4] the ADA,[5] and the ADEA[6].

   I.  DEFENDANT UNIVERSITY OF UTAH'S PARTIAL MOTION TO DISMISS

Defendant University brings its Motion to Dismiss pursuant to Fed.R.Civ.P. 12(b)(1) and 4(m).  The University argues that Plaintiff's ADA and ADEA claims should be dismissed for lack of subject matter jurisdiction because it is entitled to Eleventh Amendment Immunity. Further, the University argues that Plaintiff's Complaint should be dismissed, in its entirety, because Plaintiff filed to comply with the requirements of Rule 4(m).  For the reasons discussed below, the Court will dismiss Plaintiff's ADA and ADEA claims for lack of subject matter jurisdiction.  The Court will not, however, dismiss Plaintiff's Complaint under Rule 4(m). Plaintiff's Title VII claim remains against Defendant University.

A.  RULE 12(b)(1) STANDARD

Fed.R.Civ.P. 12(b)(1) provides that a case may be dismissed for lack of subject matter jurisdiction.[7]  "[A]n assertion of Eleventh Amendment immunity concerns the subject matter jurisdiction of the district court."[8]

---

[4] 42 U.S.C. §§ 2000e–2000e-17.

[5] Americans with Disabilities Act, 42 U.S.C. §§ 12111–12117.

[6] Age Discrimination in Employment Act, 29 U.S.C. §§ 621–634.  The Court notes that Defendants have also construed Plaintiff's Complaint as alleging violations of Title VII, the ADA, and the ADEA.

[7] Fed.R.Civ.P. 12(b)(1).

[8] *Ruiz v. McDonnell*, 299 F.3d 1173, 1180 (10th Cir. 2002).

B.  ELEVENTH AMENDMENT IMMUNITY

The Eleventh Amendment states: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."[9]  The Eleventh Amendment bars suits for damages against a state in federal court, absent a waiver of immunity by the state.[10]

The Supreme Court has held that Eleventh Amendment immunity applies to claims brought under Title I of the ADA.[11]  The Court has also held that Eleventh Amendment immunity applies to claims brought under the ADEA.[12]

Here, the University is an arm of the state.[13]  As an arm of the state, Eleventh Amendment immunity bars Plaintiff's ADA and ADEA claims against the University.  Therefore, the Court will dismiss these claims as against Defendant University.

C.  RULE 4(m)

Fed.R.Civ.P. 4(m) provides that Plaintiff must serve Defendants with a summons and the Complaint within 120 days after filing the Complaint.[14]  As noted above, Plaintiff originally filed her Complaint in the District of Florida and the case was transferred to this Court on May 3,

---

[9]U.S. Const. amend XI.

[10]*Edelman v. Jordan*, 415 U.S. 651, 663 (1974).

[11]*Board of Trustees of the University of Alabama v. Garrett*, 531 U.S. 356, 360 (2001).

[12]*Kimel v. Fla. Bd. of Regents*, 528 U.S. 62, 91 (2000).

[13]*Watson v. University of Utah Medical Center*, 75 F.3d 569, 575 (10th Cir. 1996) ("state universities are arms of the state").

[14]Fed.R.Civ.P. 4(m).

2005.  Under Rule 4(m), Plaintiff would be required to serve Defendants by approximately August 31, 2005.  Defendants were not served until October 26, 2005.

Normally, this would result in dismissal.  In this case, however, Plaintiff was proceeding *in forma pauperis* and had made a Motion for Service of Process on August 22, 2005—before the August 31, 2005, deadline.  The Court, however, was unable to screen Plaintiff's Complaint and grant her Motion for Service of Process until October 25, 2005, and Defendants were served soon after.

The preliminary inquiry to be made under Rule 4(m) is whether the plaintiff has shown good cause for the failure to timely effect service.[15]  If good cause is shown, the plaintiff is entitled to a mandatory extension of time.[16]  The Advisory Committee Notes on Rule 4(m) specifically state that "[t]he district court should also take care to protect pro se plaintiffs from consequences of confusion or delay attending the resolution of an *in forma pauperis* petition."[17]

Here, Plaintiff was waiting for the Court to finish the screening process required under 28 U.S.C. § 1915 and to consider her Motion for Service of Process.  Plaintiff was not at fault for her technical failure to comply with the requirements of Rule 4(m).  The Court believes that good cause exists to extend the time allowed for service.  Therefore, the Court will not dismiss Plaintiff's Complaint under Rule 4(m).

---

[15]*Scott v. Hern*, 216 F.3d 897, 912 (10th Cir. 2000) (citing *Espinoza v. United States*, 52 F.3d 838, 840 (10th Cir. 1995)).

[16]*Id*.

[17]Fed.R.Civ.P. 4(m) Advisory Committee Notes.  *See also Espinoza*, 52 F.3d at 842 n.8.

## II.  DEFENDANT CHI'S MOTION TO DISMISS

Defendant Chi brings his Motion to Dismiss pursuant to Fed.R.Civ.P. 12(b)(6), arguing that Plaintiff's Complaint should be dismissed against him because there is no individual liability under Title VII, the ADA, or the ADEA.  For the reasons discussed below, the Court will grant Defendant Chi's Motion to Dismiss and will dismiss him as a party to this suit.

A.  RULE 12(b)(6) STANDARD

"Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend."[18]  "A court reviewing the sufficiency of a complaint presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff."[19]  "A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers."[20]  This means "that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, [her] confusion of various legal theories, [her] poor syntax and sentence construction, or [her] unfamiliarity with pleading requirements."[21]  "[A] pro se plaintiff requires no special legal training to recount the facts

---

[18]*Perkins v. Kan. Dept. of Corrections*, 165 F.3d 803, 806 (10th Cir. 1999).

[19]*Hall v. Bellmon*, 935 F.2d 1006, 1109 (10th Cir. 1991).

[20]*Id*. at 1110.

[21]*Id*.

5

surrounding [her] alleged injury, and [she] must provide such facts if the court is to determine whether [she] makes out a claim on which relief can be granted."[22]

B. TITLE VII

"Under Title VII, suits against individuals must proceed in their official capacity; individual capacity suits are inappropriate. 'The relief granted under Title VII is against the *employer*, not individual employees whose actions would constitute a violation of the Act.'"[23] Therefore, it is appropriate to sue employers in Title VII actions.[24] The Tenth Circuit has frequently upheld the dismissal of cases against individual defendants because Title VII applies only to employers.[25]

Since Plaintiff has brought this suit against Defendant Chi and against the University of Utah, it is appropriate to dismiss her Title VII claims as against Defendant Chi. Therefore, Plaintiff's Title VII claims are dismissed against Defendant Chi.

C. ADA and ADEA

The Tenth Circuit has held "that the ADA precludes personal capacity suits against individuals who do not otherwise qualify as employers under the statutory definition."[26] In

---

[22] *Id*.

[23] *Sauers v. Salt Lake County*, 1 F.3d 1122, 1125 (10th Cir. 1993) (quoting *Busby v. City of Orlando*, 931 F.2d 764, 772 (11th Cir. 1991)).  *See also Haynes v. Williams*, 88 F.3d 898, 901 (10th Cir. 1996) (stating that "personal capacity suits against individual supervisors are inappropriate under Title VII).

[24] *Id*.

[25] *See Lankford v. City of Hobart*, 27 F.3d 477, 480 (10th Cir. 1994).

[26] *Butler v. City of Prairie Village*, 172 F.3d 736, 744 (10th Cir. 1999).

*Butler*, the Tenth Circuit also cited with approval cases from other circuits which have held that individual capacity cases are also not appropriate under the ADEA.[27]

As a result of this case law, the Court believes that Defendant Chi has no individual liability under the ADA or the ADEA. As a result, these claims will be dismissed as against him.

### III. CONCLUSION

It is therefore

ORDERED that Defendant Chi's Motion to Dismiss (Docket No. 12) is GRANTED. It is further

ORDERED that Defendant University's Partial Motion to Dismiss (Docket No. 13) is GRANTED IN PART. Plaintiff's ADA and ADEA claims are dismissed against Defendant University. Plaintiff's remaining Title VII claim is not dismissed against Defendant University.

DATED January 23, 2006.

BY THE COURT:

_____
TED STEWART
United States District Judge

---

[27] *Id*. (citing *Smith v. Lomax*, 45 F.3d 402, 403 n.4 (11th Cir. 1995) and *Miller v. Mawell's Int'l, Inc.*, 991 F.2d 583, 587–88 (9th Cir. 1993) *cert. denied sub nom Miller v. LaRosa*, 510 U.S. 1109 (1994)). *See also Birkbeck v. Marvel Lighting Corp.*, 30 F.3d 507, 511 (4th Cir. 1994) (holding that ADEA limits civil liability to employer and that supervisor was not proper defendant).