IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| MARISOL MEJIA,<br><br>Plaintiff,<br><br><br><br>vs.<br><br><br>UNIVERSITY OF UTAH,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER GRANTING DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS<br><br><br><br>Case No. 1:05-CV-53 TS |

This matter is before the Court on Defendant's Motion for Judgment on the Pleadings.[1] Defendant moves for judgment on the pleadings on Plaintiff's claims of sex and/or national origin discrimination under Title VII.  Plaintiff, proceeding *pro se* in this action, alleges discrimination, hostile work environment, and retaliation in connection with:  the alleged misbehavior of students she taught at the University of Utah, the grades she gave to them, subsequent meetings conducted by the University pursuant to the students' grade appeal process, and the University's ultimate decision not to renew Plaintiff's teaching contract.

---

[1]Docket No. 44.

A motion for judgment on the pleadings applies the same standard as a 12(b)(6) motion to dismiss.[2]  Therefore, the Court should accept all facts pleaded by the non-moving party as true and grant all reasonable inferences from the pleadings in the favor of the same.[3]  "Judgment on the pleadings should not be granted 'unless the moving party has clearly established that no material issue of fact remains to be resolved and the party is entitled to judgment as a matter of law.'"[4]

"A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers."[5]  This means "that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his [or her] confusion of various legal theories, his [or her] poor syntax and sentence construction, or his [or her] unfamiliarity with pleading requirements."[6]

To state a discrimination claim, Plaintiff must make a prima facie showing that she: (1) belongs to a protected class; (2) was doing satisfactory work; (3) was subjected to adverse employment action; and (4) was treated less favorably that others outside the protected class.[7]

---

[2]*Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941 n.2 (10th Cir. 2002).

[3]*Park Univ. Enters. v. Am. Cas. Co.*, 442 F.3d 1239, 1244 (10th Cir. 2006).

[4]*Id.*

[5]*Hall v. Bellmon*, 935 F.2d 1006, 1110 (10th Cir. 1991).

[6]*Id*.

[7]*Goodwin v. General Motors Corp.*, 275 F.3d 1005, 1012 (10th Cir. 2002).

The facts as set forth in the pleadings, and all reasonable inferences draw from them, demonstrate that Plaintiff was not doing satisfactory work in her teaching position. Specifically, the pleadings demonstrate that Plaintiff could not establish and maintain authority in her classroom and would not respond to messages from her Department Chair. Moreover, Plaintiff's Complaint fails to allege facts supporting disparate treatment by failing to identify similarly situated professors who were treated more favorably in comparison. Finally, no alleged facts indicate that adverse action was taken against Plaintiff. From the Complaint and other filings, it appears that Plaintiff was merely under a three-year contract which was not renewed by the University. Accordingly, Plaintiff fails to make a prima facie showing on her discrimination claim.

To state a prima facie hostile environment claim, Plaintiff must show that (1) the discrimination was based on sex or national origin; and (2) the discrimination was so severe or pervasive as to alter the terms, conditions, or privilege of employment.[8]

Again, viewing the facts as set forth in the pleadings, and all reasonable inferences drawn from them, Plaintiff has not set forth any facts which could demonstrate discrimination based on her sex or national origin. Furthermore, no alleged facts allow for an inference that the University employment environment was objectively hostile, or that any conduct existed which could be characterized as severe or pervasive. Accordingly, Plaintiff has not set forth a prima facie hostile work environment claim.

---

[8]*Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993).

Finally, to support her retaliation claim, Plaintiff must make a prima facie showing that: (1) she engaged in protected opposition to discrimination; (2) a reasonable employee would have found the challenged action materially adverse, and (3) a causal connection existed between the protected activity and the materially adverse action.[9]

Viewing the facts as set forth in the pleadings, and all reasonable inferences draw from them, Plaintiff has not set forth any facts to show that she was engaging in a protected activity. Specifically, Plaintiff's allegations that she was retaliated against for academically penalizing students is not Title VII protected opposition.  Moreover, Plaintiff's Complaint demonstrates that the failure to renew her contract would not be materially adverse to a reasonable employee because it was based upon alleged misconduct on her part.  Accordingly, Plaintiff has not made a prima facie showing for her retaliation claim.  Furthermore, Plaintiff sets forth no factual basis that Defendant's reason for not renewing her contract was pretextual.

In short, the Court cannot reasonably read the pleadings to state a valid claim on which Plaintiff could prevail with respect to any of her claims.  Therefore, for the foregoing reasons, it is hereby

ORDERED that Defendant's Motion for Judgment on the Pleadings (Docket No. 44) is GRANTED.  All pending motions are hereby considered MOOT.  The Clerk of the Court is hereby directed to close this case.

---

[9]*Argo v. Blue Cross and Blue Shield*, 452 F.3d 1193, 1202 (10th Cir. 2006).

DATED   February 1, 2007.

BY THE COURT:

_____
TED STEWART
United States District Judge